UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

DAGOBERTO SOTO-RAMIREZ,
SAUL ARISMENDY DE LA CRUZ,
EDWIN RODRIGUEZ-GENAO,
SANTIAGO XAVIER MALDONADO, and
DIEGO MUELAS-GONZALEZ,

      *Defendants.*

Protective Order

23 Cr. 261 (NSR)-02 -03
S3 23 Cr. 261 (NSR) -04
S4 23 Cr. 261 (NSR) -05

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/10/2023__

  Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

  1. <u>Disclosure Material.</u> The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. <u>Sealed Material.</u> Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business or governmental entity.

3. <u>Attorney's Possession Only ("APO") Material.</u> Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. <u>Attorney's Eyes Only ("AEO") Material.</u> Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

3

with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

### Other Provisions

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

10. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If

4

Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. <u>Defendant's Material</u>. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

14. <u>Unapprehended Codefendant</u>. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.[1]

15. <u>Foreign Disclosure</u>. The defense shall not provide any Disclosure Material to any foreign persons or entities, except if such persons or entities are personnel for whose conduct defense counsel is responsible or if the Court authorizes such disclosure on a case-by-case basis.

16. <u>Cross-Production of ESI.</u> The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from: DAGOBERTO SOTO-RAMIREZ, SAUL ARISMENDY DE LA CRUZ, EDWIN RODRIGUEZ-GENAO, SANTIAGO XAVIER MALDONADO, and DIEGO MUELAS-GONZALEZ. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such seized ESI, which shall be deemed Sealed Material unless otherwise designated.

---

[1] DAGOBERTO SOTO-RAMIREZ has not yet been arrested and has not appeared in this proceeding. The signing parties nonetheless request the Order be entered.

5

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following case termination.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/_____     Date: _6/22/2023_____
    T. Josiah Pertz
    Assistant United States Attorney


_____     Date: _____
Howard Tanner, Esq.
Counsel for SAUL ARISMENDY DE LA CRUZ


_____     Date: _____
Frank O'Reilly, Esq.
Counsel for EDWIN RODRIGUEZ-GENAO


_____     Date: _____
Michael K. Burke, Esq.
Counsel for DIEGO MUELAS-GONZALEZ


_____     Date: _____
Jason Goldman
Counsel for SANTIAGO XAVIER MALDONADO

SO ORDERED:

Dated:
White Plains, New York

**see page 10**
_____
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following case termination.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/_____          Date:  _6/22/2023_____
   T. Josiah Pertz
   Assistant United States Attorney

_____          Date:  _6/22/23_____
Howard Tanner, Esq.
Counsel for SAUL ARISMENDY DE LA CRUZ


_____          Date:  _____
Frank O'Reilly, Esq.
Counsel for EDWIN RODRIGUEZ-GENAO


_____          Date:  _____
Michael K. Burke, Esq.
Counsel for DIEGO MUELAS-GONZALEZ


_____          Date:  _____
Jason Goldman
Counsel for SANTIAGO XAVIER MALDONADO

SO ORDERED:

Dated:
White Plains, New York

        **see page 10**
_____
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

6

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following case termination.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ _____  Date: 6/22/2023
T. Josiah Pertz
Assistant United States Attorney


_____  Date: _____
Howard Tanner, Esq.
Counsel for SAUL ARISMENDY DE LA CRUZ

_____  Date: 6/23/23
Frank O'Reilly, Esq.
Counsel for EDWIN RODRIGUEZ-GENAO

_____  Date: _____
Michael K. Burke, Esq.
Counsel for DIEGO MUELAS-GONZALEZ

_____  Date: _____
Jason Goldman
Counsel for SANTIAGO XAVIER MALDONADO

SO ORDERED:

Dated:
White Plains, New York

see page 10
_____
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

6

Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following case termination.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ _____    Date: _6/22/2023_____
T. Josiah Pertz
Assistant United States Attorney

_____    Date: _____
Howard Tanner, Esq.
Counsel for SAUL ARISMENDY DE LA CRUZ

_____    Date: _____
Frank O'Reilly, Esq.
Counsel for EDWIN RODRIGUEZ-GENAO

/s/ Michael K. Burke    Date: 7/9/23
Michael K. Burke, Esq.
Counsel for DIEGO MUELAS-GONZALEZ

_____    Date: _____
Jason Goldman
Counsel for SANTIAGO XAVIER MALDONADO

SO ORDERED:

Dated: _____    see page 10
White Plains, New York         _____
                                THE HONORABLE NELSON S. ROMAN
                                UNITED STATES DISTRICT JUDGE

6

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following case termination.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/_____     Date: _6/22/2023_____
T. Josiah Pertz
Assistant United States Attorney


_____     Date: _____
Howard Tanner, Esq.
Counsel for SAUL ARISMENDY DE LA CRUZ


_____     Date: _____
Frank O'Reilly, Esq.
Counsel for EDWIN RODRIGUEZ-GENAO


_____     Date: _____
Michael K. Burke, Esq.
Counsel for DIEGO MUELAS-GONZALEZ


_____     Date: 7/9/23
Jason Goldman
Counsel for SANTIAGO XAVIER MALDONADO

SO ORDERED:

Dated: July 10, 2023
White Plains, New York

_____
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

6