UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

DAGOBERTO SOTO-RAMIREZ,
    a/k/a "Pito,"
    a/k/a "P,"
    a/k/a "Conejo,"
    a/k/a "Felix Correa,"
    a/k/a "Jacob Guzman,"
SAUL ARISMENDY DE LA CRUZ,
    a/k/a "Nene,"
    a/k/a "Venom,"
JUAN JOSÉ GENAO-ADAMES,
    a/k/a "Jhey,"
    a/k/a "Jason,"
MELVIN ESPAILLAT-FERNANDEZ,
    a/k/a "Echa,"
    a/k/a "Águila,"
EDWIN LUCIANO RODRIGUEZ-GENAO,
    a/k/a "Pantalla"
SANTIAGO XAVIER MALDONADO,
    a/k/a "Xavier,"
DIEGO MUELAS-GONZALEZ,
    a/k/a "Menor,"

                  Defendants.

**SEALED**
**SUPERSEDING INDICTMENT**

S5 23 Cr. 261

---

**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

THE ENTERPRISE

1.    At all times relevant to this Indictment, DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," SAUL ARISMENDY DE LA CRUZ, a/k/a "Nene," a/k/a "Venom," JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," MELVIN ESPAILLAT-FERNANDEZ, a/k/a "Echa," a/k/a "Águila,"

1

EDWIN LUCIANO RODRIGUEZ-GENAO, a/k/a "Pantalla," SANTIAGO XAVIER MALDONADO, a/k/a "Xavier," and DIEGO MUELAS-GONZALEZ, a/k/a "Menor," the defendants, and others known and unknown, were members and associates of a criminal organization (the "Enterprise"), whose members and associates engaged in, among other activities, acts involving robbery, fraud, identity theft, bribery, the interstate transportation, sale and receipt of stolen property, money laundering, and obstruction of justice. The Enterprise operated in the Southern District of New York and elsewhere.

2.  The Enterprise, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce. DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," SAUL ARISMENDY DE LA CRUZ, a/k/a "Nene," a/k/a "Venom," JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," MELVIN ESPAILLAT-FERNANDEZ, a/k/a "Echa," a/k/a "Águila," EDWIN LUCIANO RODRIGUEZ-GENAO, a/k/a "Pantalla," SANTIAGO XAVIER MALDONADO, a/k/a "Xavier," and DIEGO MUELAS-GONZALEZ, a/k/a "Menor," the defendants, participated in the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

3.  The Enterprise was organized by DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," who recruited other members and associates to the Enterprise. Members and associates of the Enterprise committed

residential burglaries and home invasion robberies, repeatedly targeting small business owners, the majority of whom were Asian-American. Members and associates of the Enterprise stole money, jewelry and other property from scores of homes in states across the country. The proceeds of these crimes were used to enrich members and associates of the Enterprise and to further the criminal activities of the Enterprise and were often transported across state lines. In addition, SOTO-RAMIREZ and other members and associates of the Enterprise bribed SAUL ARISMENDY DE LA CRUZ, a/k/a "Nene," a/k/a "Venom," then an officer and detective of the New York City Police Department ("NYPD"), who helped members and associates of the Enterprise evade arrest.

PURPOSES OF THE ENTERPRISE

4. The purposes of the Enterprise included the following:

    a. Enriching the members and associates of the Enterprise through, among other things, acts involving burglary, robbery, interstate transportation and receipt of stolen goods, fraud, and bribery.

    b. Identifying the location of property to be stolen, including by stalking victims, conducting internet research, and compensating tipsters.

    c. Aiding members and associates who committed crimes for and on behalf of the Enterprise, including through the provision of false or fraudulent identification documents and obstruction of law enforcement investigations.

    d. Protecting the Enterprise and its members from detection and prosecution by law enforcement authorities, through, among other things, lying to law enforcement, adopting false identities, and concealing evidence.

    e. Eliminating competition from rival thieves.

  f. Promoting and enhancing the Enterprise and the activities of its members and associates.

## MEANS AND METHODS OF THE ENTERPRISE

5. Among the means and methods by which members and associates of the Enterprise conducted and participated in the conduct of the affairs of the Enterprise were the following:

  a. Members and associates of the Enterprise committed, attempted, and conspired to commit, robberies and burglaries in order to enrich the members and associates of the Enterprise.

  b. Members and associates of the Enterprise committed, attempted, and conspired to commit acts of violence and used, attempted, and conspired to use threats of violence during the course of the Enterprise's criminal activities.

  c. Members and associates of the Enterprise transported, sold and received stolen property in interstate and foreign commerce.

  d. Members and associates of the Enterprise conducted financial transactions involving the Enterprise's criminal proceeds in order to promote the Enterprise's criminal activities.

  e. Members and associates of the Enterprise obtained and used firearms to carry out and further the Enterprise's illegal activities.

  f. Members and associates of the Enterprise used fraud, false identification documents, and other acts of obstruction to evade law enforcement.

  g. Members and associates of the Enterprise paid and received bribes in order to receive assistance evading law enforcement.

## THE RACKETEERING CONSPIRACY

6. From at least in or about 2017, up to and including in or about 2022, in the Southern District of New York and elsewhere, DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," SAUL ARISMENDY DE LA CRUZ, a/k/a "Nene," a/k/a "Venom," JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," MELVIN ESPAILLAT-FERNANDEZ, a/k/a "Echa," a/k/a "Águila," EDWIN LUCIANO RODRIGUEZ-GENAO, a/k/a "Pantalla," SANTIAGO XAVIER MALDONADO, a/k/a "Xavier," and DIEGO MUELAS-GONZALEZ, a/k/a "Menor," the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Five of this Indictment, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), to wit, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

Multiple acts involving:

a. Robbery, chargeable under New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

b. Bribery, in violation of New York State Penal Law, Sections 200.00 (third degree bribery), 200.03 (second degree bribery), 200.10 (third degree bribe receiving), 200.11 (second degree bribe receiving), 105.05 (conspiracy to commit second degree bribery), 110.00 (attempt to commit third degree bribery and second degree bribery), and 20.00 (aiding and abetting);

Multiple acts indictable under:

  c. Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents);

  d. Title 18, United States Code, Section 1343 (relating to wire fraud);

  e. Title 18, United States Code, Section 1344 (relating to financial institution fraud);

  f. Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim, or an informant);

  g. Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion);

  h. Title 18, United States Code, Section 1952 (relating to racketeering);

  i. Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments); and

  j. Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property).

  7. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

  (Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Assault with a Dangerous Weapon in Aid of Racketeering – August 22, 2020 Gunpoint Robbery)

The Grand Jury further charges:

8. At all times relevant to this Indictment, the Enterprise, as described in paragraphs one through five of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, membership, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

9. At all times relevant to this Indictment, the Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely multiple acts involving robbery, chargeable under New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); multiple acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents); Title 18, United States Code, Section 1343 (relating to wire fraud); Title 18, United States Code, Section 1344 (relating to financial institution fraud); Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion); Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments); and Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property).

10. On or about August 22, 2020, in the Southern District of New York and elsewhere, DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," and JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, SOTO-RAMIREZ and GENAO-ADAMES robbed an individual of money and other personal property at gunpoint inside his home in East Elmhurst, New York, in violation of New York Penal Law Sections 120.14(1) and 20.00.

(Title 18, United States Code, Section 1959(a)(3) and 2.)

## COUNT THREE
(Possession and Brandishing of a Firearm in Connection with a Crime of Violence - August 22, 2020 Gunpoint Robbery)

The Grand Jury further charges:

11. On or about August 22, 2020, in the Southern District of New York and elsewhere, DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," and JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering charged in Count Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and 2.)

## COUNT FOUR
### (Assault with a Dangerous Weapon in Aid of Racketeering – October 5, 2020 Gunpoint Robbery)

The Grand Jury further charges:

12. At all times relevant to this Indictment, the Enterprise, as described in paragraphs one through five of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, membership, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

13. At all times relevant to this Indictment, the Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely multiple acts involving robbery, chargeable under New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); multiple acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents); Title 18, United States Code, Section 1343 (relating to wire fraud); Title 18, United States Code, Section 1344 (relating to financial institution fraud); Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion); Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments); and Title 18, United States Code, Sections 2314 and 2315 (relating to interstate

9

transportation of stolen property).

14.     On or about October 5, 2020, in the Southern District of New York and elsewhere, DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," and JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, SOTO-RAMIREZ and GENAO-ADAMES robbed two individuals of money and other personal property at gunpoint inside their home in Flushing, New York, and assaulted one of the individuals with a taser, in violation of New York Penal Law Sections 120.05(2), 120.14(1) and 20.00.

(Title 18, United States Code, Section 1959(a)(3) and 2.)

## COUNT FIVE
### (Possession and Brandishing of a Firearm in Connection with a Crime of Violence - October 5, 2020 Gunpoint Robbery)

The Grand Jury further charges:

15.     On or about October 5, 2020, in the Southern District of New York and elsewhere, DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," and JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering charged in Count Four of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and

possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and 2.)

## **FORFEITURE ALLEGATION**

16. As a result of committing the offense alleged in Count One of this Indictment, DAGOBERTO SOTO-RAMIREZ, a/k/a "Pito," a/k/a "P," a/k/a "Conejo," a/k/a "Felix Correa," a/k/a "Jacob Guzman," SAUL ARISMENDY DE LA CRUZ, a/k/a "Nene," a/k/a "Venom," JUAN JOSÉ GENAO-ADAMES, a/k/a "Jhey," a/k/a "Jason," MELVIN ESPAILLAT-FERNANDEZ, a/k/a "Echa," a/k/a "Águila," EDWIN LUCIANO RODRIGUEZ-GENAO, a/k/a "Pantalla," SANTIAGO XAVIER MALDONADO, a/k/a "Xavier," and DIEGO MUELAS-GONZALEZ, a/k/a "Menor," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One.

### **Substitute Assets Provision**

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963.)

███████████
FOREPERSON

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney